UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOHN JAMES,

                Plaintiff,        **MEMORANDUM AND ORDER**

-against-                     Case No. 08-CV-0067 (FB) (SMG)

THE GOVERNMENT OF SAINT LUCIA,
ANTHONY BRIAN SEVERIN, and MICHAEL
BARTLETT,

                Defendants.
------------------------------------------------------------x

*Appearances:*
*For the Plaintiff:*
OKECHUKWU A. DURU, ESQ.
Duru Associates, PLLC
123-60 83rd Avenue, Suite 1T
Kew Gardens, New York 11415

*For Defendants Government of Saint Lucia and Anthony Brian Severin:*
ROGER V. ARCHIBALD, ESQ.
26 Court Street, Suite 711
Brooklyn, New York 11242

*For Defendant Michael Bartlett:*
MARCEAU J. EDOUARD, JR. ESQ.
116-50 225th Street
Queens, New York 11411

**BLOCK, Senior District Judge:**

        John James ("James") initiated this action in Kings County Supreme Court to compel specific performance of a contract to convey title to real property. The government of St. Lucia ("St. Lucia") and Anthony Brian Severin ("Severin"), St. Lucia's current ambassador to the United Nations, filed a notice of removal pursuant to 28 U.S.C. § 1441(d), which provides for removal of actions brought against foreign states.[1] James moves to

---

[1] Defendant Michael Bartlett has not joined the petition for removal. His consent is not necessary for removal under § 1441, which allows foreign states to remove "even

1

remand. For the reasons discussed below, the motion is granted.

I

This suit arises over an agreement between James and St. Lucia to sell property located at 439 East 49th Street in Brooklyn. The details of the transaction are somewhat difficult to glean from the parties' submissions: the Court's understanding of the essential facts is as follows. At the time of the agreement in April of 2005, defendant Michael Bartlett ("Bartlett") owned the property. James entered into the agreement with St. Lucia, through its ambassador to the United Nations at the time, to buy the property, in anticipation of St. Lucia acquiring title from Bartlett. James made significant down payments and has sought to close title, but to date, St. Lucia has yet to schedule a closing date or transfer title to him. James commenced this suit in Kings County Supreme Court by a summons and complaint dated February 14, 2007, demanding specific performance of the contract to convey title. Presumably, Bartlett was named as a defendant to compel him to transfer title to St. Lucia, which he did in March of 2007.[2]

James served St. Lucia with process by mailing the summons and complaint to St. Lucia's embassy to the United Nations. St. Lucia filed an answer dated April 30, 2007.

---

if there are multiple defendants and some of these defendants desire not to remove the action." *Refco, Inc. v. Galadri*, 755 F. Supp. 79, 84 (S.D.N.Y. 1991) (quoting H.R. Rep. No. 94-1487 (1976), *as reprinted in* 1976 U.S.C.C.A.N. 6604, 6631).

[2] Prior to the present action, St. Lucia sued Bartlett in Kings County Supreme Court to compel Bartlett to transfer title to St. Lucia, presumably so that it could then convey the property to James. That suit was commenced in May of 2005 and ended with a court order directing Bartlett to transfer title to St. Lucia.

2

The answer admitted that there was a written agreement to sell the property and that James had made down payments, but asserted as an affirmative defense that "[b]ecause of a change in Government, a new Ambassador has not yet been appointed to record the deed."[3] On December 19, 2007, James moved for summary judgment. Instead of responding, St. Lucia, now represented by a new attorney, filed the subject notice of removal on January 7, 2008—over ten months after James initiated his state court litigation.

## II

"A district court may remand a case to state court if at any time before final judgment it is found that the case was improvidently removed." *Boland v. Bank Sepah-Iran*, 614 F. Supp. 1166, 1168-69 (S.D.N.Y. 1985). Normally, a defendant must file a notice of removal within thirty days after the defendant receives the summons. 28 U.S.C. § 1446(b). When the removing defendant is a foreign state, however, this time limit "may be enlarged at any time for cause shown." 28 U.S.C. § 1441(d).

In support of his motion to remand, James argues that removal was improper because it was untimely: it was filed approximately ten months after service of the complaint, without cause for the delay. St. Lucia responds that it did have cause, pointing to two facts: First, the attorney who appeared in the state court litigation was not authorized by St. Lucia to do so, creating a "need to locate and retain authorized counsel prepared to

---

[3] The answer does not elaborate on this statement. It is unclear why a *new* ambassador must be appointed in order to convey title to James. As far as the Court is aware, Severin, who was ambassador at the time of the answer, continues to hold that office.

3

act directly pursuant to the instructions of St. Lucia's Government." Def.'s Mem. of Law 9. St. Lucia withdrew this contention at oral argument, however. Second, the service of process was defective under the Foreign Sovereign Immunities Act ("FSIA"), which requires that service on a foreign state be made on a "Central Authority" designated by the country in question.[4] St. Lucia contends that it has designated its High Court to receive service and argues that service on its embassy to the United Nations was therefore improper.

Courts deciding whether a foreign state defendant has shown cause for delay in removing under 28 U.S.C. § 1441(d) have closely examined the reasons proffered for the delay. *See, e.g., Boskoff v. Boeing Co.*, No. 83 Civ. 2756 (IBW), 1984 WL 1066, at *5 (S.D.N.Y. Oct. 19, 1984) (holding that defendant's "reasons are on their face, without merit"). "[S]ome of the factors to consider [are] the purpose of the removal statute, the extent of prior activity in the state system, the prejudice to both parties, the effect on the substantive rights of the parties and any intervening equities." *Refco, Inc. v. Galadari*, 755 F. Supp. 79, 83 (S.D.N.Y. 1991). Another factor is the failure of service of process to conform to the requirements of FSIA. *See Gray v. Permanent Mission of People's Republic of Congo*, 443 F. Supp. 816, 819-21 (S.D.N.Y. 1978) (finding cause for seven-month delay in removal where, *inter alia*, service

---

[4] FSIA requires that service be made, "if no special arrangement [between the plaintiff and the foreign state] exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents . . . ." 20 U.S.C. § 1608(a)(2). The relevant international convention for service on a foreign state is the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters ("Hague Service Convention"), Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638, which requires service on a designated "Central Authority."

4

failed to conform to FSIA).

Here, the relevant factors weigh against cause for delay. The purpose of FSIA is "to allow for a uniform body of law concerning foreign states to emerge in the federal courts." *Id.* This case is a simple dispute over a contract to sell a parcel of real property. St. Lucia was acting in a "commercial capacity," *Elbaz v. Port Auth. of New York & New Jersey*, No. 83 Civ. 4482 (PNL), 1983 U.S. Dist. LEXIS 11490, at *4 (S.D.N.Y. Nov. 21, 1983), and there are no "complicated international issues," *Steadman v. Sinclair*, No. 96CIV.599(DC), 1996 WL 257664, at *4 (S.D.N.Y. May 16, 1996). The purpose of FSIA would not be furthered by removal in this case.

Although there have not been extensive state court proceedings, the pending summary judgment motion may resolve the matter quickly in James's favor since St. Lucia has admitted the allegations essential to James's case and its affirmative defense does not appear to present a serious impediment. Because St. Lucia previously initiated related litigation in state court and participated in this litigation in state court, it is unlikely that remand will cause it prejudice. By all appearances, St. Lucia removed this action solely to escape the jaws of James's pending summary judgment motion. *See Boskoff*, 1984 WL 1066, at *3 (stating that removal should not "enable a litigant to hazard the chances of litigation in the state court indefinitely but to remove the action whenever it seemed advantageous to do so"); *Martropico Compania Naviera S.A. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara (Pertamina)*, 428 F. Supp. 1035, 1038 (S.D.N.Y. 1977) ("To remove this action to a federal court now when the state court[,] a forum explicitly intended by Congress to hear

5

actions such as this[,] has already begun work would create a needless duplication of judicial effort and a waste of the litigants' time and money.").

Turning now to the deficiency in service under FSIA, the Court agrees with St. Lucia that service did not comply with the requirements of FSIA, assuming that St. Lucia has designated its High Court to receive process. Nevertheless, this does not here constitute cause for delay. St. Lucia points to a pair of cases finding cause for delay where there were problems with service. However, they are inapposite: in both, there were additional factors contributing to the delay, including that service was not in either nation's official language; neither case held that failure to serve in accord with FSIA was *in itself* cause for delay. In *Gray*, the foreign defendant did not answer or appear in state court and default judgment was entered against it. 443 F. Supp. at 819-21. In *Lucchino v. Brazil*, 631 F. Supp. 821 (E.D. Pa. 1986), the defendant asserted the defense of improper service before the state court.

In the present case, the summons was in English, an official language of St. Lucia, and St. Lucia waived the defense of improper service by not raising it in its answer. *See Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729-30 (2d Cir. 1998) (stating, in the context of failure to serve in accord with FSIA, that "insufficiency of service of process is waived . . . if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof" (citing Fed. R. Civ. P. 12(h)(1)) (alteration in original). In sum, St. Lucia has not shown hardships similar to those faced by the defendants in *Gray* and *Lucchino*.

At oral argument, St. Lucia stated that the answer was filed as a courtesy by

6

counsel who represented St. Lucia in another matter but was not retained for this litigation. St. Lucia contended that it will face prejudice on remand if its current counsel is not allowed to amend the answer. However, being required to move to amend in state court rather than in federal court simply does not constitute prejudice. The prejudice relevant to cause for delay under FSIA is prejudice unique to litigating in state court; federal courts are not superior tribunals for deciding whether leave to amend an answer should be granted.

## CONCLUSION

Because St. Lucia delayed, without cause, filing its notice of removal until approximately ten months after it was served with James's summons, the case should be remanded. *See Boskoff*, 1984 WL 1066, at *5 ("[I]t is clear that the district court may remand a case improvidently removed even if the defect, e.g. untimeliness, is not 'jurisdictional'." (quoting *Robertson v. Ball*, 534 F.2d 63, 65 n.2 (5th Cir. 1976)).

Plaintiff's motion to remand is granted. The case is remanded to state court.

**SO ORDERED.**

s/Frederic Block

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 24, 2008